IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JENNIFER S.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-10-CJW-KEM <br><br> **REPORT AND RECOMMENDATION** |

In this Social Security disability-benefits appeal, the parties agree that the administrative law judge (ALJ) erred and that this case needs to be remanded to the Social Security Administration. Docs. 11, 15-16. They dispute whether the case should be remanded for an award of benefits or for further consideration. I recommend **remanding for further consideration**.

Plaintiff's brief contends that the ALJ erred for three reasons. First, Plaintiff argues that the testimony of the vocational expert (VE) supports that no jobs exist in the national economy for someone with her residual functional capacity (RFC). Plaintiff argues that the RFC ultimately found by the ALJ aligns with the first hypothetical to the VE. The ALJ ultimately determined Plaintiff's mental residual functional capacity (RFC) as follows:

> [S]he is limited to the performance of simple, routine tasks involving only simple work-related decisions; she can use her judgment to make simple decisions; and she can have occasional interaction with coworkers, supervisors, and the public, and should work primarily with things rather than people.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

AR 23. The ALJ included the following mental limitations in the first hypothetical (the VE testified no jobs existed for this individual):

> The individual has moderate limitations in concentration, persistence, and pace and as a result should perform no work in close proximity to others to minimize distractions. That is, no teamwork. Simple and routine tasks involving only simple work-related decisions with few if any workplace changes. The individual can use [judgment] to make simple decisions. The individual can tolerate no more than occasional interaction with the public but can still be around others. And further, can still have occasional interaction with coworkers and supervisors but can be around them but as I had described earlier nothing in terms of close proximity that would be distracting and no teamwork. So, no collaborative work and in the job working primarily with things rather than people.

AR 91-92. This hypothetical includes a limitation to "few if any workplace changes" not included in the RFC. It also includes a limitation described alternatively as (1) "no work in close proximity to others to minimize distractions," (2) "no teamwork," (3) "nothing in terms of close proximity that would be distracting and no teamwork," and (4) "no collaborative work and in the job working primarily with things rather than people." It is unclear whether the prohibition against working in close proximity to others is the same or in addition to the limitation of working with things rather than people, the latter of which was included in Plaintiff's RFC.

In the second hypothetical, the ALJ included the same physical restrictions as in the first hypothetical, but changed the mental restrictions to an individual "capable of performing simple and routine tasks involving simple work-related decisions and using [judgment] to make simple decisions," who "could also tolerate occasional interaction with . . . . [the] public, coworkers, [and] supervisors." AR 93. Unlike with the first hypothetical, the VE testified jobs existed for such a person, including hand packager, order clerk, or microfilm document preparer. AR 93-94. The ALJ then added for the third hypothetical a limitation that the person "work primarily with things rather than people." AR 94. The VE testified the person could work as a hand packager, microfilm

2

document preparer, or final assembler. *Id.* Hypothetical three included all the mental limitations ultimately found by the ALJ. In hypotheticals four and five, the ALJ added physical restrictions, which the VE testified would not impact performing the three jobs previously identified in hypothetical three. AR 95. Hypothetical five contained all the physical restrictions ultimately included by the ALJ in the RFC.

The ALJ ultimately found that based on the VE testimony, Plaintiff could work as a hand packager, final assembler, or microfilm document preparer. AR 33. Plaintiff's second argument is that the VE's testimony that Plaintiff could perform these jobs conflicts with the Dictionary of Occupational Titles, since the hand packager position is a medium-exertion job (not sedentary), and the other positions require use of a computer or frequent fingering, handling, or reaching, which Plaintiff argues is inconsistent with her use of a cane (while shifting positions at will between standing and sitting).

For her third argument, Plaintiff argues that the ALJ erred in evaluating the medical opinion of Physical Therapist Steffen. The ALJ found the opinion persuasive, other than the statement that it was "questionable" that Plaintiff could sustain work activity for eight hours straight. Plaintiff argues the ALJ failed to adequately explain (based on consistency and supportability) the ALJ's rejection of this opined limitation; the ALJ stated only that the limitation was "speculative" and akin to a legal conclusion that the claimant was disabled.

The Commissioner agrees with Plaintiff that remand is required but requests remand for further proceedings, rather than an award of benefits. Doc. 15. The Commissioner argues that the ALJ should be allowed to re-evaluate Plaintiff's RFC and to obtain additional VE testimony. The Commissioner acknowledges error in the VE's testimony that someone limited to sedentary jobs could work as a hand packager. The Commissioner notes that the three cited jobs were "representative occupations" and argues that additional VE testimony on remand could identify different jobs for Plaintiff to perform.

Plaintiff responds that the ALJ should not be able to re-evaluate RFC on remand. Plaintiff argues that (based on her first argument), the VE testimony establishes no work she could perform based on the RFC the ALJ found. She argues that the VE testimony conclusively establishes she is disabled and that therefore remand for an award of benefits is appropriate.

When VE testimony in the record establishes that no jobs exist for a person with claimant's limitations, courts remand for an award of benefits.[2] But here, I disagree with Plaintiff's view of the merits of her first argument. Instead, it seems remand is required based on Plaintiff's arguments about the evaluation of Physical Therapist Steffen's opinion and the VE's identification of (at least some) jobs for Plaintiff that conflict with the Dictionary of Occupational Titles. On remand, the ALJ may explain the lack of supportability and consistency of Physical Therapist Steffen's statement questioning whether Plaintiff had the stamina to sustain work activity for eight hours straight. The VE may also identify additional jobs that someone with Plaintiff's RFC could perform (since the three jobs identified were merely representative of a larger sample). Therefore, if the case is remanded for further proceedings, a finding of disability may not be a foregone conclusion.

It appears that whether the ALJ be allowed to reevaluate RFC on remand depends on the wording of the court's remand order here. The Eighth Circuit has recognized that the law-of-the-case doctrine applies to administrative agencies like the Social Security Administration on remand from federal court.[3] "Thus, [the Social Security Administration] is bound by any finding that a district court renders prior to remanding

---

[2] *See Osborne v. Colvin*, 95 F. Supp. 3d 1147, 1169 (D. Neb. 2015); **Rush v. Barnhart**, 432 F. Supp. 2d 969, 1005 (D.N.D. 2006).

[3] **Brachtel v. Apfel**, 132 F.3d 417, 419-20 (8th Cir. 1997).

4

a case for further consideration."[4] This includes any "issue[] actually decided, either implicitly or explicitly . . . ."[5] The Eighth Circuit has recognized that the ALJ on remand is not necessarily bound by the original ALJ's findings, depending on the court's remand order.[6]

Here, on remand, the ALJ must provide additional reasons for the persuasiveness of a medical opinion (that if fully adopted, would result in a finding of disability) and obtain additional VE testimony to see if jobs exist for a person with Plaintiff's RFC. The first issue does require reevaluating Plaintiff's RFC, but only as to that specific limitation; it does not require reconsidering the limitations the ALJ previously included in the RFC. Rather than fully prohibiting the ALJ from reevaluating RFC, however, as urged by Plaintiff, I agree with a prior approach of a court in this district. I recommend that on remand, the ALJ must "either (1) include the [same] limitation[s] in the RFC or (2) include a thorough explanation of why [a previously included] limitation is no longer supported."[7]

I recommend **reversing** the decision of the Commissioner and **remanding** this case to the Social Security Administration for further proceedings. I recommend directing the ALJ on remand to: (1) explain the supportability and consistency (or lack thereof) of Physical Therapist Steffen's opinion that it is questionable whether Plaintiff

---

[4] *Aguiniga v. Colvin*, 833 F.3d 896, 901 (8th Cir. 2016).

[5] *United States v. Bates*, 614 F.3d 490, 494 (8th Cir. 2010).

[6] *Steahr v. Apfel*, 151 F.3d 1124, 1125-26 (8th Cir. 1998) (affirming district court's holding that law-of-the-case doctrine did not prevent second ALJ from finding claimant could perform her past work, contrary to first ALJ, when district court's reason for remand had nothing to do with this issue; the court deferred to district court's interpretation of its own mandate order); *see also Crum v. Colvin*, No. C14-4055-MWB, 2015 WL 5084325, at *5 (N.D. Iowa Aug. 27, 2015) (adopting report and recommendation) ("When subsequent proceedings follow a general remand, the ALJ may properly decide anything not foreclosed by the mandate.").

[7] *Meyerhoff v. Colvin*, No. C 12-3046-MWB, 2013 WL 3283696, at *18 (N.D. Iowa June 28, 2013).

could sustain work activity for eight hours straight; (2) obtain VE testimony on whether additional jobs exist Plaintiff could perform and explain any potential inconsistency between using a cane and work requiring frequent handling and fingering or using a computer; and (3) identify and thoroughly explain why any RFC limitations included in the prior ALJ opinion were not included in the RFC on remand.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[8] Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. [9]

**ENTERED** on October 25, 2024.

*/s/ Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[8] **Fed. R. Civ. P. 72**.

[9] *See **United States v. Wise***, 588 F.3d 531, 537 n.5 (8th Cir. 2009).