# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| JENNIFER S.,[1] | No. 24-CV-10-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | |

_____

This matter is before the Court on claimant's objection (Doc. 19) to a Report and Recommendation (R&R) (Doc. 18) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommending the Court remand this case for further proceedings. Claimant argues the Court should find the record did not support the Administrative Law Judge's (ALJ) decision and remand only for a calculation of benefits. (Doc. 19, at 3-4). The dispute turns on whether the vocational expert provided the ALJ with an exhaustive list of jobs claimant could work. The Commissioner argues that the vocational expert provided the ALJ with only a representative list of three jobs, whereas claimant argues that the three jobs the vocational expert listed was exhaustive. For the reasons that follow, the Court overrules claimant's objections and adopts Judge Mahoney's R&R, and will remand this case for further proceedings.

As Judge Mahoney detailed (Doc. 18, at 1-3), the ALJ presented a number of hypotheticals to the vocational expert, asking the expert to assume certain physical and/or

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

mental residual functional capacities (RFC). In response, the expert advised that either no jobs exist under certain hypotheticals, or that there were three jobs claimant could perform, depending on which RFCs the expert was asked to assume. Everyone agrees that in responding to the second hypothetical question, the expert erred when listing one of the three jobs she said claimant could perform. Claimant asserts that the three jobs the expert listed were all the jobs claimant could possibly work and if she could not work any of these, then she is disabled. The Commissioner asserts that the three jobs the expert listed were mere examples of available jobs, "representative occupations," and that if the expert erred in listing one of the jobs, the matter should be remanded to allow the expert to consider whether other jobs are available that claimant could perform.

The Court sides with Judge Mahoney and the Commissioner here. Any fair reading of the expert's testimony reflects that the expert was merely listing examples of jobs claimant could perform. The expert was not purporting to suggest that the three jobs listed were the only ones claimant could ever possibly perform. Nothing in the testimony supports that conclusion. If, indeed, that is the situation, then the expert can say so on remand and claimant will prevail. But the Court will not assume that to be the case on what it considers a tortured and biased reading of the expert's testimony by claimant.

As Judge Mahoney explained:

> When VE testimony in the record establishes that no jobs exist for a person with claimant's limitations, courts remand for an award of benefits. But here, I disagree with Plaintiff's view of the merits of her first argument. Instead, it seems remand is required based on Plaintiff's arguments about the evaluation of Physical Therapist Steffen's opinion and the VE's identification of (at least some) jobs for Plaintiff that conflict with the Dictionary of Occupational Titles. On remand, the ALJ may explain the lack of supportability and consistency of Physical Therapist Steffen's statement questioning whether Plaintiff had the stamina to sustain work activity for eight hours straight. The VE may also identify additional jobs

2

that someone with Plaintiff's RFC could perform (since the three jobs identified were merely representative of a larger sample). Therefore, if the case is remanded for further proceedings, a finding of disability may not be a foregone conclusion.

(Doc. 18, at 4 (footnote omitted)). On remand, the ALJ will need to provide additional reasons for the persuasiveness of a medical opinion (that if fully adopted, would result in a finding of disability) and obtain additional expert testimony to determine whether jobs exist for claimant given her RFC.

Thus, the Court **overrules** claimant's objection to Judge Mahoney's R&R. Instead, the Court **affirms and adopts** Judge Mahoney's R&R (Doc. 18), **reverses** the decision of the Commissioner, and **remands** this case to the Social Security Administration for further proceedings. On remand, the ALJ is ordered to: (1) explain the supportability and consistency (or lack thereof) of Physical Therapist Steffen's opinion that it is questionable whether Plaintiff could sustain work activity for eight hours straight; (2) obtain expert testimony on whether additional jobs exist that claimant could perform and explain any potential inconsistency between using a cane and work requiring frequent handling and fingering or using a computer; and (3) identify and thoroughly explain why any RFC limitations included in the prior ALJ opinion were not included in the RFC on remand.

**IT IS SO ORDERED** this 26th day of November, 2024.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa